UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                      Criminal Case Number 10-20635
                                                 Civil Case Number 16-10637
v.                                            Honorable David M. Lawson

MANUEL ANTONIO SOTO,

               Defendant.

_____/

## OPINION AND ORDER GRANTING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE

Petitioner Manuel Antonio Soto, the leader of a Chicago-based drug trafficking organization, was convicted of multiple drug-related crimes at trial with three other codefendants. Among the counts of conviction were kidnapping, brandishing a firearm during and in relation to a drug trafficking crime, and brandishing a firearm during and in relation to a crime of violence. The predicate offense for the crime-of-violence firearm crime was the kidnapping charge. Contending that kidnapping does not satisfy the definition of "crime of violence" found in the brandishing statute, Soto moves to vacate his sentence on that count. Two of his codefendants — Christopher Espinoza and Hector Santana — have filed similar motions, which the Court has granted. *Espinoza v. United States*, No. 10-20635, 2020 WL 1915642, at *1 (E.D. Mich. Apr. 20, 2020). The government concedes that the second brandishing conviction cannot be sustained, but it argues, as it did with the other two defendants, that the Court should vacate *both* the brandishing conviction and sentence *and* the kidnapping sentence and resentence Soto on the kidnapping conviction. The Court followed a similar course with the Espinoza and Santana motions and does so here. The Court will grant Soto's motion, vacate his conviction and sentence for brandishing a

firearm in furtherance of a crime of violence, and schedule the case for resentencing on the kidnapping count.

I.

The facts of the case are well known to the parties and discussed in prior opinions by this Court and the court of appeals. They need not be repeated here. A short summary is sufficient.

Soto and three codefendants (Espinoza, Santana and Juan Ramon Respardo-Ramirez) were charged in a Fourth Superseding Indictment filed on April 2, 2013, with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II) (Count 1), conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1)(C) (Count 5), kidnapping in violation of 18 U.S.C. § 1201 (Count 6), brandishing a firearm during and in relation to a drug trafficking crime in violation of (18 U.S.C. § 924(c)(1)(A)(ii)) (Count 7), and brandishing a firearm during and in relation to a crime of violence in violation of (18 U.S.C. § 924(c)(1)(C)(i)) (Count 8). In addition, Santana, Soto, and Espinoza were charged with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) (Count 2), and Soto was charged with obstruction of justice by tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1), (2)(A) (Count 9). The indictment charged that the defendants were involved in a cocaine trafficking conspiracy between November 26, 2008, and January 23, 2012, and that in October 2009, the defendants conspired to kidnap Jose Ezequiel Enriquez-Enriquez for the purpose of collecting a drug debt.

The jury convicted the defendants of all charges, except that Espinoza was acquitted of Count 1 and Respardo-Ramirez was acquitted of Count 5.

Soto's sentencing guideline range was life in prison, resulting from an offense level of 45 and a criminal history category of I. The drug charges were grouped into Group 1, U.S.S.G. §

-2-

3d1.2(d), with a base offense level of 34, U.S.S.G. § 2D1.1(c)(3), and a four-level enhancement as an organizer of criminal activity, U.S.S.G. § 3B1.1(a), totaling level 38. The kidnapping crimes were grouped into Group 2, with a base offense level of 32. U.S.S.G. § 2A4.1(a). But because the kidnapping took place during the commission of offenses charged in Group 1, the base offense level for Group 2 was increased to the base offense level in Group 1 plus four points. U.S.S.G. § 2A4.1(b)(7)(B). After that modification, Soto's offense level for the kidnapping charges increased to 38. Soto's offense level was increased by an additional four points for his role as a leader and organizer of criminal activity, U.S.S.G. § 3B1.1(a), to bring his total level to 42.

The base offense level for obstruction of justice was six levels lower than the offense level for the underlying offense (the drug crimes, which carried a base offense level of 34), U.S.S.G. §§ 2J1.2(c)(1), 2X3.1(a)(1), resulting in an offense level of 28.

The multiple count adjustments brought the offense level to an off-the-chart 45, U.S.S.G. ch. 5, pt. A. (sentencing table), which in any criminal history category yields a guideline range of life. U.S.S.G. ch. 5, pt. A. n.2.

Soto was sentenced to concurrent 132-month prison terms for Counts 1, 2, 5, 6, and 9. The Court was required to impose a mandatory minimum sentence of no less than 84 months on Count 7, 18 U.S.C. § 924(c)(1)(A)(ii), and 300 months on Count 8, 18 U.S.C. § 924(c)(1)(C)(i), to run consecutively to any other sentence imposed. The total custody sentence was 516 months, or 43 years.

Soto's post-trial motions for relief were denied, *United States v. Santana*, 962 F. Supp. 2d 906, 912 (E.D. Mich. 2015), and his convictions and sentences were affirmed on appeal, *United States v. Soto*, 794 F.3d 635, 665 (6th Cir. 2015). Soto then filed a motion for retroactive application of sentencing guidelines under 18 U.S.C. § 3582, followed by a motion to vacate his

sentences under 28 U.S.C. § 2255.  The Court denied both motions, and Soto appealed that decision

to the Sixth Circuit on May 28, 2019.  He voluntarily dismissed that appeal on August 25, 2020.

Meanwhile, the Supreme Court handed down *United States v. Davis*, --- U.S. ---, 139 S.

Ct. 2319 (2019), holding that the so-called residual clause defining "crime of violence" in the

brandishing statute, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague.  Believing that *Davis*

disqualified kidnapping as a predicate offense under the brandishing statute, Soto filed his second

motion to vacate his sentence under 28 U.S.C. § 2255 on March 13, 2019.  The Court transferred

that motion to the Sixth Circuit, which granted Soto's motion for authorization to file a second or

successive motion under section 2255 on February 20, 2020, finding that his second motion relied

on "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."  Sixth Circuit Order, ECF No. 682 (quoting 28 U.S.C. §

2255(h)).

Soto then filed his second motion to vacate his sentence on Count 8 of the fourth

superseding indictment (brandishing a firearm in furtherance of and during and in relation to a

crime of violence in violation of 18 U.S.C. §924(c)(1)(C)(i)), which is pending presently.

## II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence

"was imposed in violation of the Constitution or laws of the United States," the sentencing court

lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise

subject to collateral attack."  28 U.S.C. § 2255(a).  "A prisoner seeking relief under 28 U.S.C. §

2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside

the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The government concedes that Soto has made the required showing. Soto was charged in Count 8 of the fourth superseding indictment with violating 18 U.S.C. § 924(c)(1)(A). That statute punishes "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The statute defines "crime of violence" in two ways. Under the "elements clause," a crime of violence is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual clause" defines a crime of violence as any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The crime of kidnaping does not qualify as a "crime of violence" under the elements clause. *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) ("The government concedes that under *Davis* kidnapping in violation of 18 U.S.C. § 1201(a) is not a "crime of violence" and thus Knight's conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated."); *see also United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019). The residual clause no longer is available to supply an alternate definition. Soto's conviction on Count 8 and its corresponding 25-year consecutive sentence must be vacated. *See Espinoza*, 2020 WL 1915642, at *5-6.

### III.

The government does not dispute that result. However, it maintains that the Court should also vacate his sentence on Count 6 — the kidnapping charge — and increase it to account for

Soto's vacated sentence.  Soto insists that the Court may not resentence him on his other counts; it may only vacate his sentence under Count 8.  He acknowledges that the Supreme Court in *Dean v. United* States, --- U.S. ---, 137 S. Ct. 1170 (2017), explained that courts may consider the impact of a mandatory minimum sentence on one count of a multiple-count conviction when calculating a defendant's entire sentence on all counts where warranted.  However, he insists that he was sentenced before the Supreme Court permitted such flexibility, and at the time of his sentencing, circuit precedent did not grant district courts such discretion.

Soto's argument has some logical force.  When Soto was sentenced originally in 2013, Sixth Circuit precedent mandated that "[t]he sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the § 924(c) sentence."  *United States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007).  *Dean* changed that rule, but the change did not take effect until four years after Soto was sentenced originally.  Soto posits that the Court *already* considered the appropriate factors when fashioning the sentence for the kidnapping counts, and therefore resentencing on that count would be an empty gesture.

That may well be true, but it does not undermine the Court's authority to schedule a resentencing hearing, as the government requests.  As the Sixth Circuit observed long ago, "[e]very circuit that has considered this issue has held that the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255."  *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997).  The court justified that practice based on the idea that "there is often a 'sentencing package' where sentences imposed on the multiple counts are interdependent."  *Ibid.*  The "packaging" of a sentence for a section 924(c) violation with a sentence for a predicate felony, one dependent on the other, does not square with *Franklin*'s instruction.  But, once again, that will have to be addressed at the resentencing hearing.  *See Ajan*

-6-

*v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) ("Section 2255 'gives district judges wide berth in choosing the proper scope of post-2255 proceedings.'") (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)). Moreover, resentencing may be appropriate if new and relevant information is available. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that on resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and [] such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range"); *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019) (noting that "a district court resentences the defendant . . . when it revisits the § 3553(a) factors and determines anew what the sentence should be. A resentencing could thus result in the same sentence as the one the district court imposed initially" (citation omitted).

IV.

Soto's conviction for kidnapping and conspiracy to commit kidnapping do not qualify as crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), and they cannot qualify under the now invalidated residual clause of section 924(c)(3)(B). There are no other qualifying predicate offenses to support the conviction under section 924(c) charged in Count 8 of the superseding indictment. Soto therefore has established, as to the sentence for that offense only, that he is in custody in violation of the federal constitution, and his second motion to vacate his sentence on Count 8 will be granted.

Accordingly, it is **ORDERED** that the petitioner's second motion to vacate his sentence (ECF No. 683) is **GRANTED**, and the petitioner's conviction and sentences for brandishing a firearm in furtherance of crimes of violence, contrary to 18 U.S.C. § 924(c), in Count 8 of the superseding indictment is **VACATED**.

-7-

It is further **ORDERED** that the petitioner shall be resentenced on Count 6 of the fourth superseding indictment, and the probation department is directed to prepare a new presentence report.

It is further **ORDERED** that the parties shall appear for a resentencing hearing on **October 1, 2020 at 11:30 a.m.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 10, 2020