UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                           Criminal Case Number 10-20635
                                                                         Honorable David M. Lawson

v.

MANUEL ANTONIO SOTO,

                Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Manuel Antonio Soto has filed a motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court resentenced Soto in August 2021 to 216 months in prison for charges of drug trafficking, kidnapping, and obstruction of justice. Soto argues that he now is eligible for a sentence reduction to account for the First Step Act credits he would have received but for his immigration status. He also argues that he is at a high risk of severe illness from COVID-19. However, neither argument establishes that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, and therefore his motion to reduce his sentence will be denied.

I.

The facts of the case are well known to the parties and discussed in prior opinions by this Court and the court of appeals. *See, e.g.*, *Soto v. United States*, No. 10-20635, 2019 WL 11250158, at *1-3 (E.D. Mich. Mar. 21, 2019) (Lawson, J.). Soto, the leader of a Chicago-based drug trafficking organization, was convicted of multiple drug-related crimes at trial with three other

codefendants. He and his co-defendants (Christopher Espinoza, Hector Santana, and Juan Ramon Respardo-Ramirez) were charged in a Fourth Superseding Indictment filed on April 2, 2013, with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II) (Count 1), conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1)(C) (Count 5), kidnapping in violation of 18 U.S.C. § 1201 (Count 6), brandishing a firearm during and in relation to a drug trafficking crime in violation of (18 U.S.C. § 924(c)(1)(A)(ii)) (Count 7), and brandishing a firearm during and in relation to a crime of violence in violation of (18 U.S.C. § 924(c)(1)(C)(i)) (Count 8). In addition, Soto, Santana, and Espinoza were charged with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) (Count 2), and Soto was charged with obstruction of justice by tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1), (2)(A) (Count 9). The indictment charged that the defendants were involved in a cocaine trafficking conspiracy between November 26, 2008 and January 23, 2012, and that in October 2009, the defendants conspired to kidnap Jose Ezequiel Enriquez-Enriquez for the purpose of collecting a drug debt. Testimony presented at trial established that Soto issued orders that resulted in Enriquez-Enriquez being taken against his will from Detroit to Chicago and questioned and threatened by Soto at gunpoint. It also established that Soto threatened his co-defendant not to testify against him. A jury convicted Soto of all charges.

On September 9, 2013, the Court sentenced Soto to 516 months (43 years) in prison. Soto's post-trial motions for relief were denied, *United States v. Santana*, 962 F. Supp. 2d 906, 912 (E.D. Mich. 2015); his convictions and sentences were affirmed on appeal, *United States v. Soto*, 794 F.3d 635, 665 (6th Cir. 2015); and the Court denied his motions for retroactive application of sentencing guidelines under 18 U.S.C. § 3582 and to vacate his sentences under 28 U.S.C. § 2255,

*see* ECF No. 656.  Soto filed a second motion to vacate his sentence after the United States Supreme Court decided *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019), holding that the so-called residual clause defining "crime of violence" in the brandishing statute, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague.  Applying that decision, the Court vacated Soto's conviction and sentences on Count 8 for brandishing a firearm in furtherance of crimes of violence, *United States v. Soto*, No. 10-20635, 2020 WL 5440321, at *4 (E.D. Mich. Sept. 10, 2020), and resentenced Soto to 216 months in prison — a 25-year reduction from his original sentence.  Soto now has a scheduled release date of May 16, 2027.  Because Soto is not a United State citizen, he likely will be deported to Mexico, his home country, upon his release.

Soto presently is confined by the Bureau of Prisons (BOP) at FCI Greenville in Illinois, which houses 1,222 inmates.  As of November 8, 2022, one inmate and no staff members were infected with COVID-19, no inmates had died from COVID-19, and 696 inmates had been infected previously and recovered from the virus.  Additionally, 1,292 inmates (including Soto) and 170 staff members have been vaccinated.  *See* https://www.bop.gov/coronavirus/.

Soto is 47 years old.  He is mildly obese (195 pounds at 5'6"), has a latent tuberculosis infection, and recently injured his knee, but otherwise appears to be in good health.  2022 Med. Records, ECF No. 790-1, PageID.6088; *see also* BOP Clinical Guidance, *Tuberculosis*, at 3, 7-14 (Feb. 2020), https://www.bop.gov/resources/pdfs/TB_CPG.pdf (describing the treatment regime for latent tuberculosis, which usually is asymptomatic).  Soto previously reported experiencing joint pain and an unspecified respiratory disorder; however, his medical records indicate that both conditions resolved in early 2021.  2022 Med. Records, ECF No. 790-1, PageID.6089; *see also* 2021 Med. Records, ECF No. 790-2, PageID.6096 (indicating that Soto denied any respiratory problems).  Soto also previously contracted and recovered from COVID-19 and subsequently

received three doses of the Pfizer-BioNTech vaccine. 2022 Med. Records, ECF No. 790-1, PageID.6089-91; 2021 Med. Records, ECF No. 777, PageID.6020. He contends that he still suffers from respiratory issues caused by the coronavirus, although there is no evidence of such symptoms in his medical records. *See* Supp. Brief, ECF No. 786, PageID.6041.

Soto contends that he has made efforts to rehabilitate himself in prison. He has completed more than 50 courses on topics ranging from job skills to finance planning to anger management, completed his GED, and achieved English proficiency. His Individualized Needs Plan indicates, however, that he is not eligible for Federal Time Credits based on his completion of these programs. There is no evidence that he has incurred any disciplinary infractions while in prison except for a single instance of phone abuse in 2012. As of December 8, 2021, Soto had not yet completed a substance abuse treatment class and did not have a work assignment. The Bureau of Prisons categorizes Soto's risk of recidivism as minimal.

Citing the risks posed by the COVID-19 pandemic, Soto mailed a request for compassionate relief to the warden at FCI Greenville in December 2021. The warden denied the request on March 24, 2022.

On February 17, 2022, Soto filed a *pro se* motion for compassionate release. The Court ordered the government to respond to the motion and appointed Soto counsel to represent him for the purpose of seeking compassionate release. It then permitted Soto's newly-appointed counsel to file a supplemental brief in support of Soto's compassionate release motion.

## II.

By now it is well understood that, generally, "a federal court 'may not modify a term of imprisonment once it has been imposed,'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)), and that this "rule comes with a few exceptions, one of which

-4-

permits compassionate release," *ibid.* The request for such relief must be presented by a motion filed in federal court, either by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), "[o]r it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier,'" *ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Soto relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should

dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

Last year, the court of appeals took the explanation a step further. In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for reviewing . . . requests.'" 984 F.3d at 518 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at 519-20. It then held that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.* However, the defendant still must satisfy the other two requirements, and his "failure to meet any one of those criteria" will result in the denial of his motion. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021).

### A.

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied.

B.

Addressing the first element, Soto offers two arguments to support a finding that extraordinary and compelling reasons justify the relief he seeks.  First, he argues that his weight and respiratory issues put him at high risk of developing serious complications if he contracts COVID-19 again.  He also contends that the pandemic has caused him to be subject to harsher conditions of confinement, including harsher lockdown environments.  Second, Soto contends that it is not clear whether he is eligible to receive First Step Act time credits for the programming he has completed while in prison due to his immigration status.  Arguing that he may be subjected to a harsher sentence than a U.S. citizen would receive for a similar crime, Soto contends that the Court should resentence him to account for the time credits he would have earned if he were a citizen.

The government contends that neither basis satisfies the extraordinary and compelling requirement.

1.

Soto contends that he suffers from a heightened risk of developing severe complications from COVID-19 because he is obese and suffers from chronic joint pain and respiratory problems caused by a nodule lump in his right lung.

The Sixth Circuit has narrowed significantly the circumstances in which the COVID-19 pandemic can provide extraordinary and compelling reasons for a sentence reduction.  It has allowed that the combination of the pandemic, rehabilitation efforts, *and* a nonretroactive change in sentencing law may constitute extraordinary and compelling circumstances warranting a prisoner's compassionate release.  *United States v. McCall*, 20 F.4th 1108, 1109 (6th Cir. 2021), *reh'g en banc granted*, 29 F.4th 816, 817 (6th Cir. 2022).  However, it also has held that, in light

of the availability of COVID-19 vaccinations and absent extenuating circumstances, the pandemic *alone* is not an extraordinary and compelling reason for a sentence reduction. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022); *Lemons*, 15 F.4th at 751.

Soto has not shown that "extenuating circumstances" exist in his case. He is fully vaccinated, having received two doses of the Pfizer-BioNTech vaccine, as well as a third booster dose. He also previously contracted COVID-19 and fully recovered. He contends that he suffers from a heightened risk of developing severe complications if he contracts COVID-19 again because he is obese and suffers from joint pain and a respiratory disorder. Besides obesity, however, there is little evidence that Soto has any of the medical conditions he says he does. *See United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021) ("From the record, the severity of [the inmate's] condition and its associated risks are less than clear."). Soto's medical records indicate that he no longer suffers from any respiratory or joint ailments that would make him more susceptible to COVID-19, and that his COVID-19 symptoms have alleviated. 2022 Med. Records, ECF No. 790-1, PageID.6089; *see also* 2021 Med. Records, ECF No. 790-2, PageID.6096.

Whether or not the vaccine is efficacious is relevant to the probability of the defendant's likelihood of contracting an infection from the coronavirus in his present situation — which in turn is highly pertinent to whether extraordinary and compelling circumstances warrant a prisoner's immediate release. In this case, that probability appears to be remote. Recent reports indicate that the probability of infection at FCI Greenville, although once relatively high, now is very low, with only one active case among inmates and staff. Further, even as the incidence of infection at Greenville has declined, the probability of a future severe outbreak also has been diminished by the BOP's rapid and robust deployment of vaccines, which have been administered fully to 1,292 inmates and 170 staff members at the prison.

-8-

The absence of COVID-19 cases at FCI Greenville, in combination with the fact that Soto received three doses of the Pfizer vaccine, undermine a finding that extraordinary and compelling reasons exist for Soto's early release.

2.

Soto's immigration status also does not warrant a sentence reduction, for several reasons.

First, Soto's immigration status was a fact known at sentencing. The Sixth Circuit has held that the compassionate release statute generally "precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Accordingly, "[a] court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Ibid.* (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). The Court cannot make that finding here because it considered the fact of Soto's immigration status at sentencing, as well as the fact that Soto was likely to be deported upon his release from federal custody. *See* Sentencing Tr., ECF No. 549, PageID.4141-42.

Second, Soto likely is correct that his immigration status may prevent him from receiving sentencing credits. Section 101 of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), directs the United States Attorney General to establish a system where eligible inmates can participate in evidence-based recidivism reduction programs to earn time credits toward their sentence. *See* 18 U.S.C. § 3632(a) & (d)(4) (directing creation of the "Risk and Needs Assessment System"). The BOP initiated this Federal Time Credits Program effective January 19, 2022. *See* 28 C.F.R. §§ 523.40-523.44. Under the program, an eligible prisoner "shall earn 10

-9-

days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).  Prisoners assessed by the Bureau of Prisons as having a low risk for recidivism can earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities if their risk of recidivism has not increased over two consecutive assessments.  18 U.S.C. § 3632(d)(4)(A)(ii).  Prisoners subject to "a final order of removal under any provision of the immigration laws," however, are ineligible to apply credits toward time either in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(E)(i).  It is not clear whether Soto already is "the subject of a final order of removal" and therefore statutorily ineligible to apply time credits, or whether he simply concedes to being a deportable alien because he was convicted of multiple aggravated felonies.  *See generally Carachuri-Rosendo v. Holder*, 560 U.S. 563, 566-67 (2010) (explaining how aggravated felonies carry "the harshest deportation consequences.").  Nonetheless, his eligibility for those credits is in doubt.

But even if that were true, "the Attorney General, not the court, has the authority to compute sentence credits."  *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (citing *United States v. Wilson*, 503 U.S. 329 (1992)).  The Court therefore has "no authority to order the BOP to give" Soto time credits "because that authority rests exclusively with the BOP."  *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019).  Every circuit recognizes that district courts cannot order the BOP to apply time credits to reduce federal sentences.  *Ibid.* (collecting cases).

Third and relatedly, it is not clear precisely what relief Soto is seeking.  He states that it is "uncertain" whether he is entitled to receive First Step Act Credits, and "unclear" whether BOP will apply credits to reduce his sentence.  If Soto is challenging the BOP's calculation of his time credits, that challenge should be raised in a petition for writ of habeas corpus under 28 U.S.C. §

2241.  Petitions for writ of habeas corpus are the proper vehicle by which to challenge the manner in which a sentence is executed or computed, rather than the validity of the sentence itself.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  The gravamen of Soto's claim for relief is that "his release date has not been adjusted" to account for the time credits he has earned.  That claim addresses the length of his sentence, not the validity of his conviction, and therefore it properly should be attacked through a habeas petition.

Finally, even if the Court were to construe Soto's motion as a habeas petition, Soto is unable to demonstrate that his sentence "was imposed in violation of the Constitution or laws of the United States," exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Although 18 U.S.C. § 3632(d) provides that prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities[] shall earn time credits" leading to their early release, the statute explicitly exempts prisoners who are "subject to a final order of removal under any provision of the immigration laws," *id*. at § 3632(d)(4)(E)(i).  Soto concedes that he is a deportable alien, and all but concedes that he statutorily is ineligible to benefit from time credits under the First Step Act.  Because the First Step Act categorically excludes Soto from the relief he seeks, Soto cannot demonstrate that his sentence is "outside the statutory limits" or otherwise plagued by constitutional or fundamental error.  *See Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  Categorizing his compassionate release motion as a habeas petition therefore does not help him.

C.

Because Soto has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Court need not discuss the relevant section 3553(a) factors.  *United States v. Navarro*,

-11-

986 F.3d 668, 670 (6th Cir. 2021).  The Court also may "presume" that the balancing of the section 3553(a) factors it completed just last year at Soto's resentencing "remains an accurate assessment as to whether those factors justify a sentence reduction" today and weighs against a sentence reduction.  *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

III.

Soto has exhausted his administrative remedies.  However, he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 777) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 8, 2022