UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,                        Criminal Case Number 10-20635
                                                       Honorable David M. Lawson

v.

MANUEL ANTONIO SOTO,

                 Defendant.

_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Manuel Antonio Soto has filed a second motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court resentenced Soto in August 2021 to 216 months in prison for drug trafficking, kidnapping, and obstruction of justice crimes. Soto argues that he is eligible for a sentence reduction because inadequate medical care within the Bureau of Prisons (BOP), a need to care for his ailing parents, his rehabilitation, and alleged miscalculations of his Sentencing Guidelines range are extraordinary and compelling circumstances justifying release. None of these arguments establishes that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, and therefore his second motion to reduce his sentence will be denied.

I.

The facts of the case are well known to the parties and discussed in prior opinions by this Court and the court of appeals. *See, e.g.*, *Soto v. United States*, No. 10-20635, 2019 WL 11250158, at *1-3 (E.D. Mich. Mar. 21, 2019). Soto, the leader of a Chicago-based drug trafficking

organization, was convicted of multiple drug-related crimes at trial with three other codefendants. He and his co-defendants (Christopher Espinoza, Hector Santana, and Juan Ramon Respardo-Ramirez) were charged in a Fourth Superseding Indictment filed on April 2, 2013, with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II) (Count 1), conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1)(C) (Count 5), kidnapping in violation of 18 U.S.C. § 1201 (Count 6), brandishing a firearm during and in relation to a drug trafficking crime in violation of (18 U.S.C. § 924(c)(1)(A)(ii)) (Count 7), and brandishing a firearm during and in relation to a crime of violence in violation of (18 U.S.C. § 924(c)(1)(C)(i)) (Count 8).  In addition, Soto, Santana, and Espinoza were charged with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) (Count 2), and Soto was charged with obstruction of justice by tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1), (2)(A) (Count 9).  The indictment charged that the defendants were involved in a cocaine trafficking conspiracy between November 26, 2008 and January 23, 2012, and that in October 2009, the defendants conspired to kidnap Jose Ezequiel Enriquez-Enriquez for the purpose of collecting a drug debt.  Testimony presented at trial established that Soto issued orders that resulted in Enriquez-Enriquez being taken against his will from Detroit to Chicago and questioned and threatened by Soto at gunpoint.  It also established that Soto threatened his co-defendant not to testify against him.  A jury convicted Soto of all charges.

On September 9, 2013, the Court sentenced Soto to 516 months (43 years) in prison, mainly because of the mandatory stacking penalty provisions in 18 U.S.C. § 924(c)(1)(C).  Soto's post-trial motions for relief were denied, *United States v. Santana*, 962 F. Supp. 2d 906, 912 (E.D. Mich. 2015); his convictions and sentences were affirmed on appeal, *United States v. Soto*, 794

F.3d 635, 665 (6th Cir. 2015); and the Court denied his motions for retroactive application of sentencing guidelines under 18 U.S.C. § 3582 and to vacate his sentences under 28 U.S.C. § 2255, *see* ECF No. 656. Soto filed a second motion to vacate his sentence after the United States Supreme Court decided *United States v. Davis*, 588 U.S. 445 (2019), holding that the so-called residual clause defining "crime of violence" in the brandishing statute, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. Applying that decision, the Court vacated Soto's conviction and sentences on Count 8 for brandishing a firearm in furtherance of crimes of violence, *United States v. Soto*, No. 10-20635, 2020 WL 5440321, at \*4 (E.D. Mich. Sept. 10, 2020), and resentenced Soto to 216 months in prison — a 25-year reduction from his original sentence.

Soto filed his first motion for compassionate release on February 17, 2022, citing a heightened risk of complications from the COVID-19 virus and his inability to receive certain time credits against his prison term due to his immigration status. *See* ECF No. 777. The Court held that those reasons did not satisfy the extraordinary and compelling circumstances requirement because Soto provided little documentation of his reported medical conditions, he already had been vaccinated, and the Court lacked authority to order the BOP to apply the time credits he sought. *See* ECF No. 791, PageID.6114-16.

Soto presently is confined at FCI Fort Dix in New Jersey. According to the BOP's website, his release date is scheduled for June 26, 2027. He is 50 years old. Medical Records, ECF No. 827, PageID.6348. Soto's claims principally concern his allegations that the BOP has provided inadequate medical care for his knee pain, a mass on the back of his neck the size of a golf ball, and gastrointestinal distress. According to the medical records he furnished, Soto presented to BOP medical staff in April of 2021 with ongoing right knee pain and was provided a knee brace. *Id.* at PageID.6332, 6328. He returned to the medical unit again two months later stating that he

got no relief from over-the-counter pain medication. *Id.* at PageID.6326. After examining Soto's knee, the BOP doctor found a "free-floating fragment" in the joint when fully extended and referred him for an X-ray. *Id.* at PageID.6326-27. The radiologist found "tiny intercondylar spine osteophytes" and a "tiny right quadriceps tendon insertion enthesophyte" (bone spurs) but reported that the joint otherwise appeared normal. *Id.* at PageID.6334. Soto offers no further documentation about this complaint.

In 2022 during a routine physical examination, BOP medical staff observed that Soto had a lipoma "on the left scapular medial side 3*3.3cm with no drainage." *Id.* at PageID.6344. Lipomas are benign, slow-growing, fatty tumors beneath the skin surface. Lipoma, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/lipoma/symptoms-causes/syc-20374470 (last visited Nov. 18, 2024). Soto also has furnished no other medical records concerning this condition. Next, Soto complained to BOP medical staff in November of 2022 that he was experiencing bloating, stomach pain, and diarrhea, which he said became worse after eating. *Id.* at PageID.6348. The BOP medical provider diagnosed him with infectious gastroenteritis and colitis and prescribed antibiotics. *Id.* at PageID.6349. In February 2023, Soto returned for treatment, complaining of streaks of blood when wiping his rectum. *Id.* at PageID.6351. Medical staff examined him and documented no concerning findings. *Ibid.* They advised him to use medicated pads from the commissary and to avoid excessive wiping. *Ibid.* No further information about gastrointestinal ailments or complaints are described in the attached medical records.

On May 1, 2024, Soto submitted a request for compassionate release to his warden. The request was denied on May 3, 2024. Soto thereafter filed this motion on May 14, 2024. The Court referred the case for the appointment of counsel, and an attorney filed a supplemental brief in support of his motion. The government opposes the defendant's request.

-4-

II.

By now it is well understood that, generally, "a federal court 'may not modify a term of imprisonment once it has been imposed,'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)), and that this "rule comes with a few exceptions, one of which permits compassionate release," *ibid.* The request for such relief must be presented by a motion filed in federal court, either by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), "[o]r it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier,'" *Alam*, 960 F.3d at 832 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Compassionate release is a concept that has come to be recognized as authorized by Congress in section 3582(c)(1)(A). It is an exception to the "rule of finality," which prohibits district courts from modifying a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021). There are three requirements that must be satisfied before relief can be granted under this section, the first of which is that "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). For the second requirement, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Nicholson*, No. 21-1724, 2023 WL 4447881, at *1 (6th Cir. July 11, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, the Court must "'consider[] the factors set forth in [18 U.S.C. § 3553(a)) to the extent that they are applicable.'" *Ibid.*

-5-

"[I]f each requirement is met, a court may — but need not — reduce a term of imprisonment." *Ibid.* (citing 18 U.S.C. § 3582(c)(1)(A)). On the other hand, "[i]f any of the requirements are not met, a court cannot reduce a sentence." *Ibid.*

A.

The court of appeals has observed that the determination of what constitutes "extraordinary and compelling circumstances," which previously was regarded as a "highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion v. United States*, 597 U.S. 481 (2022), has been severely and categorically cabined." *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022) (Gibbons, J., dissenting)). That has led the court to observe that it "has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances *cannot* be 'extraordinary and compelling.'" *West*, 70 F.4th at 346 (citing *Hunter*, 12 F.4th at 570 (6th Cir. 2021). In accord with that trend, the Sixth Circuit broadly has recognized that typical circumstances attending incarceration and personal factors routinely considered at sentencing cannot supply "extraordinary and compelling" grounds for compassionate release. The factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (3) the proportion of a custodial term already served, (4) the defendant's successful efforts at rehabilitation while confined, and (5) nonretroactive Sentencing Guideline amendments. *Hunter*, 12 F.4th at 570-72, *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir. May 4, 2023) ("[A]lthough Scott has served more than 70% of his sentence, as the district court aptly noted, 'an inmate serving the majority of his sentence is commonplace and ordinary, not extraordinary.' "); *McCall*, 56 F.4th at 1065-66.

-6-

The court of appeals also has reiterated that "'[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis.'" *Nicholson*, 2023 WL 4447881, at *3 (quoting *McCall*, 56 F.4th at 1064). "[T]hat remains true even when combining the change in law with [the movant's] health conditions and what remains of COVID-19." *Ibid.* (citing *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021) ("The text of these sentencing statutes does not permit us to treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction.")). To that end, the Sixth Circuit adds that "compassionate release cannot 'provide an end run around habeas [corpus].'" *West*, 70 F.4th at 346 (quoting *McCall*, 56 F.4th at 1058). "Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures." *Ibid.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973)). Following that reasoning, the Sixth Circuit has held that "sentencing errors cannot provide an 'extraordinary and compelling' reason for compassionate release." *Id.* at 347-48 (collecting cases).

Finally, although in years past the crisis of the global coronavirus pandemic spurred a rapid proliferation of case law in this area, the Sixth Circuit recently has suggested that COVID's lingering presence in society no longer is attended by the same exigency that it once had before vaccines for the disease were made widely available to federal inmates and the general public. Accordingly, it has held that, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023) (observing that "the

inmate had access to vaccination, which significantly reduces both the likelihood of contracting COVID-19 and the associated risks should one contract the virus. . . . And [an inmate's] access to the vaccine substantially undermines his request for a sentence reduction." (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (cleaned up)).

In November 2023, the Sentencing Commission amended the policy statements covering compassionate release motions. The amendments significantly impact the determination of what constitutes extraordinary and compelling circumstances within the meaning of section 3582(c)(1)(A)(i). First, USSG § 1B1.13(b)(1)(A) provides for relief where "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)." "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." Soto has identified various ailments from which he presently suffers, but he does not assert that he is suffering from any terminal illness or otherwise applicable end-of-life condition, or from any terminal medical condition analogous to those enumerated in the policy statement. This section does not apply to him.

Second, section 1B1.13(b)(1)(B) provides relief where the defendant is "suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Each of these conditions must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant must not be "expected to recover." *Ibid.*

Third, section 1B1.13(b)(1)(C) provides for relief where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  Although Soto has multiple chronic medical conditions, none appear to require a level of care that the BOP cannot provide.

### 1.   Medical Circumstances

Turning to Soto's specific allegations, he principally argues that he is entitled to compassionate release because of his knee pain, the mass on his back, and gastrointestinal distress. The policy statement in § 1B1.13(b)(1)(B) does not help him.  To qualify, a defendant must show that he is either "(i) suffering from a serious physical or medical condition," "(ii) suffering from a serious functional or cognitive impairment," or is "(iii) experiencing deteriorating physical or mental health because of the aging process" and that at least one of these conditions "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and . . . he or she is not expected to recover."  *Ibid.*  Soto has made no showing that any of his medical conditions, alone or together, *substantially* diminishes his ability to care for himself. True, his motion papers indicate that his knee pain may make a bottom-bunk placement advisable, but there is no evidence in the record that he ever requested such an accommodation.  This provision therefore is inapplicable.

Nor does he qualify for relief under section 1B1.13(b)(1)(C), because the evidence does not establish that he "is at risk of serious deterioration in health or death."  *Ibid.*

Nor do the medical records he has submitted support the possibility that some of Soto's health problems could require long-term or specialized care and that the denial of care *could* lead to a serious deterioration in health.  To the contrary, there is no record that he has seen a provider

-9-

on a complaint about his knee issue since July of 2021, no record he has complained about the mass on his back since July of 2022, and no record he has complained of GI issues since February of 2023.  The government also points out that Soto's knee problems were disclosed to the Court when it ruled on his first request for compassionate release.  *See* ECF No. 791, PageID.6109.  Soto has not attached any evidence that he was promised follow-up care and never received it or that he was denied care.  This lack of supporting evidence is fatal to his claim.  *Lemons*, 15 F.4th at 750 ("From the record, the severity of [the inmate's] condition and its associated risks are less than clear.").  Soto's supplemental brief includes detailed arguments about the potential perils of his various medical complaints, but these arguments are only conclusory in the absence of evidence that Soto has been denied care or faces imminent harm in prison.  All told, Soto's medical conditions, even considered together, do not amount to extraordinary and compelling circumstances.

### 2.  Caretaker for Parents

Soto also argues that his circumstances are extraordinary because he needs to care for his parents.  He states that his father, Thomas Soto Medina, is a diabetic who suffers from several complications, and his mother, Irma Louisa Valenzuela, has a bone disease and hearing loss.  He adds that he wishes to take more active participation in the lives of his children.  Although his desire to care for his family is commendable, the argument faces immediate problems because the compassionate release statute generally "precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'"  *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021).  The Court was aware of the familial circumstances Soto cites here when it resentenced him in 2021.  *See* 2020 PSR ¶ 75 ("According to the defendant his mother is

deaf and suffers from bronchitis and his father has diabetes and unspecified 'eye issues.' Additionally, both parents are reported to suffer from age-related pains/conditions.").

Those conditions may have worsened.  Some of the letters of support from his relatives suggest that his parents no longer can work, and they seek his help managing the family farm.  *See* Letters, ECF No. 824-2, PageID.6314, 6318.  The November 2023 Amendments to the Sentencing Guidelines provide that "[t]he incapacitation of the defendant's parent" may constitute extraordinary and compelling circumstances "when the defendant would be the only available caregiver for the parent."  U.S.S.G. § 1B1.13(b)(3)(C).  Some courts in this circuit have considered BOP Program Statement § 5050.50 when interpreting the policy statement.  That provision defines incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner . . . is completely disabled, meaning that the spouse or registered . . . cannot carry on any self-care and is totally confined to a bed or chair."  *See also United States v. Smith*, No. 21-47, 2024 WL 3656187, at *5 (W.D. Ky. Aug. 5, 2024); *United States v. Steele*, No. 20-13-4, 2024 WL 1928945, at *2-3 (S.D. Ohio May 1, 2024).  That language requires a finding of *total* disability.  But the BOP's views are not necessarily those of the Sentencing Commission.

Soto's submissions support a finding that his parents are unable to work and suffer from several ailments attendant to the aging process (although he has provided no medical documentation of these conditions), but it is not apparent that his parents are unable to care for themselves so that his presence is necessary.  Even if that were the case, it is not obvious that Soto is their only available caregiver.  True, Soto "need not be the only imaginable caregiver; it is sufficient that he is the only *available* caregiver."  *United States v. Allison*, No. 21-20436, 2024 WL 3012780, at *3 (E.D. Mich. June 14, 2024).  However, the record suggests that at least one

-11-

of his siblings is available.  In his motion, he states that two of his siblings live and work in the capital city of his region so are unavailable to care for their parents.  ECF No. 805, PageID.6165.  But the town where his parents reside, Pericos, Mocorito, is only about 30 miles from the region's capital, Culiacan.  And Soto's brother apparently works or worked at a water purification center in Pericos.  *See* Letter, ECF No. 824-2, PageID.6316.  In a recent supplemental brief, Soto states that his brother recently was murdered.  ECF No. 831.  However, Soto has not demonstrated that his remaining siblings or other family members are unavailable to care for his parents.  *Cf. United States v. Brown*, No. 19-129, 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024) ("As Brown's mother has family members who are capable and currently providing such care, Brown has not demonstrated that he would be the 'sole caregiver' such that it would constitute an extraordinary and compelling reason for his early release.").  The caregiver theory does not support a finding of extraordinary and compelling circumstances for release.

### 3. Rehabilitation

Soto next points the Court to his efforts at rehabilitation while in custody consisting of participation in substantial coursework, continued employment in prison, and favorable disciplinary history.  Although rehabilitation alone may not be considered as an extraordinary and compelling reason, *see Hunter*, 12 F.4th at 572 (citing 28 U.S.C. § 994(t)), the Sentencing Commission's recent amendment emphasizes that it may be considered "in combination with other circumstances," U.S.S.G. § 1B.13(d).  Soto's work towards rehabilitation is commendable, but it does not appear that his efforts are *extraordinary* in light of the general expectation that individuals participate in programming while incarcerated.  *See Hunter*, 12 F.4th at 572 n.10.  Of further concern: when the Court considered his previous motion Soto had not accrued any disciplinary infractions since 2012, but in December of 2023, he appears to have accrued one violation for

"possessing a hazardous tool."  ECF No. 805, PageID.6176.  Even considered with his other proffered reasons, Soto's rehabilitative efforts are insufficient to justify relief.

### 4.  Sentencing Guidelines Calculation

Finally, Soto argues that several perceived errors in the calculation of the Sentencing Guidelines during his resentencing hearing are extraordinary and compelling circumstances.  This argument is a non-starter.  He did not appeal those alleged errors.  And the Sixth Circuit has plainly held that "compassionate release cannot 'provide an end run around habeas.'"  *West*, 70 F.4th at 346 (quoting *McCall*, 56 F.4th at 1058).  Therefore, as stated earlier, "sentencing errors cannot provide an 'extraordinary and compelling' reason for compassionate release."  *Id.* at 347-48 (collecting cases).  After foregoing his appeal following resentencing in 2021, Soto did not file a petition under 28 U.S.C. § 2255 within the one-year period after his sentence became final on direct appeal.  28 U.S.C. § 2255(f)(1).  Soto cannot import arguments suited for a habeas petition into his motion for compassionate release.  This argument does not furnish extraordinary and compelling circumstances.

### B.

The amendments to the sentencing guidelines also require the Court to determine that a defendant is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2).  Previously, that requirement was not applicable to defendant-initiated motions.  *United States v. Sherwood*, 986 F.3d 951, 953-54 (6th Cir. 2021).  Under the new policy statement, however, defendants must demonstrate that they are not a danger to the safety of others in the community.  This requirement poses no barrier to Soto.  He has undertaken considerable rehabilitation efforts in prison and the BOP categorizes his risk of recidivism as minimal.  Prison Records, ECF No. 805, PageID.6173.  He is not a danger to the

safety of others.  That does not excuse the failure to demonstrate extraordinary and compelling reasons justifying release, however.

C.

Because Soto cannot demonstrate that extraordinary and compelling reasons support his release, the Court need not evaluate the section 3553(a) factors.  *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021).  The Court also may "presume" that the balancing of the section 3553(a) factors it completed at Soto's resentencing three years ago "remains an accurate assessment as to whether those factors justify a sentence reduction" today and weighs against a sentence reduction. *Sherwood*, 986 F.3d at 954.

III.

Soto has exhausted his administrative remedies.  However, he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's second motion for compassionate release (ECF No. 805) is **DENIED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:  November 20, 2024

-14-